FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 09 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HEATHER BROWN,

           Plaintiff,

    -against-                                13-CV-5397 (SJF)(ARL)

OMEGA MOULDING COMPANY LTD.,        **OPINION & ORDER**

           Defendant.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

On September 27, 2013, plaintiff Heather Brown ("plaintiff") commenced this action against defendant Omega Moulding Company Ltd. ("defendant") pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*. Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons set forth below, the motion is granted.

I.    BACKGROUND

    A.    Factual Background[1]

On or about March 5, 2012, plaintiff began working for defendant in "Order Entry." (Complaint ["Compl."], ¶ 13).

Plaintiff alleges that "[o]n or about February 6, 2013, [her] son * * * was in stomach pain[,] * * * contracted the flu and a strep infection[,] [and] * * * was also constipated." (Compl., ¶ 17). As a result, plaintiff missed four (4) days of work, i.e., February 6, February 25,

---

[1] The facts are taken from the complaint and are assumed to be true for purposes of this motion only. They do not constitute findings of fact by the Court.

1

March 11 and March 18, 2013. (Id.) According to plaintiff, she furnished a doctor's note to defendant regarding those absences. (Compl., ¶ 18).

Plaintiff alleges that "[o]n or about March 15, [her] daughter * * * contracted a serious health condition and suffered from a stomach flu." (Compl., ¶ 19). As a result, plaintiff was absent from work from March 15, 2013 through March 22, 2003. (Compl., ¶ 20). According to plaintiff, she furnished a doctor's note to defendant about those absences as well. (Compl., ¶ 21).

On March 22, 2013, defendant terminated plaintiff's employment. (Compl., ¶ 22; Kohler Aff., ¶ 5).

B. Procedural History

On September 27, 2013, plaintiff commenced this action against defendant pursuant to the FMLA. Plaintiff alleges that defendant (1) "never provided notice to [her] that her league was designated or covered by the FMLA[,]" (Compl., ¶ 23); (2) "never permitted [her] to take leave under the FMLA[,]" (Compl., ¶ 24); (3) "terminated [her employment], though she was entitled to 12 weeks of leave under the FMLA[,]" (Compl., ¶ 25); and (4) "willfully, unlawfully, and intentionally, denied [her] leave under the FMLA and terminated her [employment], in violation of the FMLA[,]" (Compl., ¶ 26). Plaintiff seeks an award of "backpay, lost earnings, lost life and health insurance, pre-judgment interest, liquidated damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs * * *." (Compl. at 3).

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

II. Discussion

A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Services, Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014). None of the documents that defendant submits in support of its motion to dismiss are properly considered by the Court on a motion to dismiss pursuant to

4

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although plaintiff may have had actual notice of all of those documents and the information contained therein, they are not "integral" to the complaint because she has not "relied upon [any of] th[o]se documents in framing the complaint." Chambers, 282 F.3d at 153; see also Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006) ("[A] necessary prerequisite for th[e] exception [allowing courts to consider materials 'integral' to the complaint] is that the plaintiff rely on the terms and effect of the document in drafting the complaint; mere notice or possession is not enough." (quotations, alterations and citation omitted)). Accordingly, the Court has not considered any of the documents submitted by either party on this motion.[2]

B. The FMLA

"In order to survive a motion to dismiss, a plaintiff must show that (1) he is an eligible employee under the FMLA, as defined in 29 U.S.C. § 2611(2); (2) defendant is an employer under the FMLA, as defined in 29 U.S.C. § 2611(4); (3) he was entitled to leave under the FMLA, as defined in 29 U.S.C. § 2612(a)(1); and (4) defendant engaged in some prohibited act, as defined in 29 U.S.C. § 2615." Spurlock v. NYNEX, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996); see also 29 U.S.C. § 2617(a)(1) ("Any employer who violates section 2615 * * * shall be liable to any eligible employee affected– (A) for damages * * * [as provided therein]; and (B) for

---

[2] Although Rule 12(d) of the Federal Rules of Civil Procedure authorizes a court to treat a motion under Rule 12(b)(6) that presents matters outside the pleadings as one for summary judgment under Rule 56 if all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), defendant's motion can be decided without consideration of those documents. Therefore, there is no reason to delay resolution of this motion to provide plaintiff with notice of a conversion to summary judgment and an opportunity to respond.

such equitable relief as may be appropriate, including employment, reinstatement, and promotion."); Penberg v. Healthbridge Management, 823 F. Supp. 2d 166, 178 (E.D.N.Y. 2011) ("In order to establish a prima facie case of interference with plaintiff's exercise of FMLA rights, plaintiff must establish that: 1) he is an eligible employee; 2) defendant qualifies as an employer under the FMLA; 3) plaintiff was entitled to take leave under the FMLA; 4) plaintiff gave notice to defendants of his intention to take leave; and 5) defendants denied plaintiff the benefit to which he was entitled under the FMLA."); Roberts v. Ground Handling, Inc., 499 F. Supp. 2d 340, 351 (S.D.N.Y. 2007) (accord). For purposes of this motion, the second factor, i.e., defendant's status as an employer under the FMLA, is not in dispute. As is relevant here, the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

1. Eligible Employee

"The FMLA * * * applies only to employees who have worked for the employer for at least one year and provided 1,250 hours of service within the last 12 months, § 2611(2)(A)."[3] Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 739, 123 S. Ct. 1972, 155 L. Ed. 2d 953 (2003); see also Woodford v. Community Action of Greene County, Inc., 268 F.3d 51, 54 (2d Cir. 2001); 29 C.F.R. § 825.110(a) ("An eligible employee is an employee of a

---

[3] Section 2611(2)(A) of Title 29 of the United States Code provides: "[t]he term 'eligible employee' means an employee who has been employed– (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."

covered employer who: (1) Has been employed by the employer for at least 12 months, and (2) Has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave * * *.") "The determination of whether an employee meets the hours of service requirement and has been employed by the employer for a total of at least twelve months *must be made as of the date the FMLA leave is to start.*" 29 C.F.R. § 825.110(d) (emphasis added); see also Porter v. Potter, No. 07 Civ. 0124, 2010 WL 9047894, at * 4, aff'd, 484 F. App'x 589 (2d Cir. June 5, 2012); Stoler v. Institute for Integrative Nutrition, No. 13 Civ. 1275, 2013 WL 6068598, at * 9 (S.D.N.Y. Nov. 18, 2013); Roberts, 499 F. Supp. 2d at 351.

"Eligibility is a threshold issue, and it is insufficient for Plaintiff to merely assert in a conclusory manner that he is eligible without stating any facts that relate to the definition of an eligible employee." Smith v. Westchester County, 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011) (quotations, brackets and citation omitted); see also Bernadotte v. New York Hospital Medical Center of Queens, No. 13-cv-965, 2014 WL 808013, at * 3 (E.D.N.Y. Feb. 28, 2014); Bakeer v. Nippon Cargo Airlines, Co., Ltd., No. 09-cv-3374, 2011 WL 3625103, at * 40 (E.D.N.Y. July 25, 2011), report and recommendation adopted by 2011 WL 3625083 (E.D.N.Y. Aug. 12, 2011).

Although the complaint conclusorily alleges that plaintiff "worked for [defendant] for more than one year before her termination[] * * * [and] for more than 1,250 hours per year in the year preceding her termination[,]" (Compl., ¶¶ 9-10), the factual allegations in the complaint indicate that plaintiff started working for defendant "on or about March 5, 2012," (Compl., ¶ 13), but seeks FMLA leave starting on February 6, 2013, less than one (1) year later. (Compl., ¶ 17). Moreover, there are no factual allegations in the complaint from which it may reasonably be

7

inferred that plaintiff worked for more than one thousand two hundred fifty (1,250) hours in the year preceding the date on which she first sought FMLA leave.[4] Since the allegations in the complaint are insufficient to show that plaintiff was an eligible employee under the FMLA, the complaint fails to state a plausible claim for relief. Accordingly, defendant's motion seeking dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's complaint is dismissed in its entirety for failure to state a claim for relief.

2.  Entitlement to FMLA Leave

In addition, the allegations in the complaint are insufficient to show that plaintiff was entitled to leave under the FMLA. Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period * * * [i]n order to care for * * * a son, [or] daughter * * * of the employee, if such * * * son, [or] daughter * * * has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves– (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); see also 29 C.F.R. § 825.113. For an illness to qualify as a "serious health condition" under the latter definition, the employee or covered family member must have (1) been incapacitated, i.e., unable "to work, attend school or perform other regular activities due to the serious health condition, treatment therefore [sic], or recovery therefrom," 29

---

[4] Besides being wholly conclusory, plaintiff's allegation that she worked "for more than 1,250 hours per year in the year preceding her termination[,]" (Compl., ¶ 10), is insufficient because the relevant twelve (12)-month period is measured from "the date the FMLA leave is to start," 29 C.F.R. § 825.110(d), not the date of plaintiff's termination.

8

C.F.R. § 825.113(b), "for more than three consecutive, full calendar days[,]" 29 C.F.R. § 825.115(a); and (2) received treatment (a) "two or more times, within 30 days of the first day of incapacity, * * *, by a health care provider * * *[,]" 29 C.F.R. § 825.115(a)(1), or (b) "by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider[,]" 29 C.F.R. § 825.115(a)(2). See Rankin v. Seagate Technologies, Inc., 246 F.3d 1145, 1148 (8th Cir. 2001) ("To meet the requirements of the objective test [for what constitutes a 'serious health condition'], [the plaintiff] was required to prove (1) that she had a period of incapacity requiring absence from work, (2) that this period of incapacity exceeded three days, and (3) that she received continuing treatment by . . . a health care provider within the period." (quotations and citation omitted); Roberto v. Human Development Association, 4 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) (holding that in order for an illness to qualify as a "serious health condition," the employee or covered family member must have been "1) incapacitated * * *; 2) seen once by a doctor; and 3) prescribed a course of medication, such as an antibiotic * * *."); Boyce v. New York City Mission Society, 963 F. Supp. 290, 299 (S.D.N.Y. 1997) (accord). "A regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave." 29 C.F.R. § 825.113(c).

The FMLA "was 'not intended to cover short-term conditions for which treatment and recovery are very brief." Martyszenko v. Safeway, Inc., 120 F.3d 120, 123 (8th Cir. 1997) (quoting S. Rep. No. 103-3, at 28); see also Miller v. AT&T Corp., 250 F.3d 820, 834 (4th Cir.

9

2001)(accord); Michaels v. Norton Healthcare, Inc., No. 3:10-cv-383-JDM, 2014 WL 3418925, at * 2 (W.D. Ky. July 14, 2014) ("[A]s the legislative history of the FMLA makes clear, 'routine, commonplace illnesses of short duration' simply are not covered by the statute." (citing S. Rep. No. 103-3, at 28 (1993), reprinted in 1993 U.S.Code Cong. & Admin. 3, 30)). Thus, the FMLA's implementing regulations provide, in relevant part, that "[o]rdinarily, unless complications arise, the common cold, the flu, * * * [and] upset stomach * * * are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave." 29 C.F.R. § 825.113(d). In addition, strep throat and stomach viruses are common childhood illnesses that ordinarily do not qualify as serious health conditions under the FMLA. See, e.g. Michaels, 2014 WL 3418925, at * 2 (finding that step throat and "vomiting and diarrhea * * * likely due to a virus" did not qualify as serious health conditions under the FMLA). Moreover, since "constipation by itself meets none of the definitions of a serious health condition in the [FMLA] regulation * * * [it] is not a serious health condition under FMLA." Davis v. Pacific Saw and Knife Co., Civil No. 08-676-HU, 2009 WL 936471, at * 7 (D. Or. Apr. 6, 2009).

Nonetheless, courts have interpreted Section 825.113(d) "as indicating merely that common ailments such as the flu normally will not qualify for FMLA leave because they generally will not satisfy the regulatory criteria for a serious health condition[;]" Miller, 250 F.3d at 832, not as "automatically exclud[ing] the flu from coverage under the FMLA." Id.; see also Rankin, 246 F.3d at 1147 ("[A]lthough conditions like the common cold or the flu will not routinely satisfy the requirements of a 'serious health condition,' absences resulting from such illnesses are protected under FMLA when the regulatory tests are met.") "Where absences are not attributable to a 'serious health condition,' however, FMLA is not implicated and does not

10

protect an employee against disciplinary action based upon such absences." Rankin, 246 F.3d at 1147-48.

The complaint alleges: (1) that plaintiff missed four (4), non-consecutive days of work between February 6, 2013 and March 18, 2013,[5] to care for her son because he had stomach pains, the flu, strep and constipation, (Compl., ¶ 17); and (2) that plaintiff missed one (1) week of work, i.e., from March 15, 2013 until March 22, 2013, to care for her daughter because she had a "stomach flu," (Compl., ¶ 19). As pleaded, none of those conditions qualify as a "serious health condition" under the FMLA, particularly absent any factual allegations from which it may reasonably be inferred, *inter alia*, that plaintiff's son was incapacitated for more than three (3) consecutive days as a result thereof, or that plaintiff's daughter received treatment from a health care provider two (2) or more times, or one (1) time and was prescribed a course of medication for her condition. Since the allegations in the complaint are insufficient to show that plaintiff was entitled to leave under the FMLA, the complaint fails to state a plausible claim for relief. Accordingly, defendant's motion seeking dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's complaint is dismissed in its entirety for failure to state a claim for relief.

B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." However, leave to amend is not required where a

---

[5] Although plaintiff alleges that she also missed a fifth day of work on March 26, 2013, (Compl., ¶ 17), it is undisputed that her employment with defendant was terminated prior to that date, i.e., on March 22, 2013. (Compl., ¶ 22).

11

proposed amendment would be futile, see Grullon, 720 F.3d at 140; Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied sub nom Curtis Circulation Co. v. Anerson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013), i.e., "if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) (quotations and citation omitted); see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012). Leave to amend may also properly be denied for: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment * * *.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also TechnoMarine SA v. Giftports, Inc., — F.3d —, 2014 WL 3408570, at * 9 (2d Cir. July 15, 2014).

Since plaintiff may be able to assert factual allegations sufficient to show, *inter alia*, that she was an eligible employee under the FMLA, i.e., that she was employed by defendant for at least twelve (12) months and one thousand two hundred fifty (1,250) hours of service, <u>as of the date her FMLA leave would begin</u>[6] and that she was entitled to FMLA leave, i.e., that her children had "serious health conditions" within the meaning of the FMLA and its implementing regulations, her request for leave to amend her complaint, (Brief on Behalf of Plaintiff in Opposition to Defendant's Motions [sic] to Dismiss at 7 n. 2), is granted, **provided that any**

---

[6] A "request[] [for FMLA leave] made by an ineligible employee for leave that would begin when she still would have been ineligible[] is not protected by the FMLA." Walker v. Elmore County Board of Education, 379 F.3d 1249, 1253 (11th Cir. 2004).

12

**amended complaint is served and filed on or before October 9, 2014**, or her complaint will **be deemed dismissed in its entirety with prejudice.** Plaintiff is reminded, however, of the representations made to the Court by presenting a pleading under Rule 11(b) of the Federal Rules of Civil Procedure, e.g., that the claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), and that "the factual contentions have evidentiary support," Fed. R. Civ. P. 11(b)(3), and of the Court's authority to impose sanctions for a violation of that rule. See Fed. R. Civ. P. 11(c).

III.  Conclusion

For the reasons set forth above, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted, the complaint is dismissed in its entirety, and plaintiff's application for leave to amend the complaint is granted **provided that any amended complaint is served and filed on or before October 9, 2014**, or the complaint will **be deemed dismissed in its entirety with prejudice.**

SO ORDERED.                                     s/ Sandra J. Feuerstein
                                                _____
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated: September 9, 2014
       Central Islip, New York